UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| HUEY LOVELL KENNEDY, | ) |
| Petitioner, | ) |
| v. | ) Case No. 5:16-cv-01140-MHH-SGC |
| JEFFERSON S. DUNN, et al., | ) |
| Respondents. | ) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is an action on a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 by Huey Lovell Kennedy, an Alabama state prisoner proceeding with the assistance of counsel. The petitioner challenges his 2011 conviction for capital murder in the Circuit Court of Madison County, Alabama. In his amended petition, the petitioner claims his conviction violates due process and equal protection and inflicts cruel and unusual punishment. (Doc. 3-1 at 2). He further claims his trial and appellate counsel were ineffective in violation of the Sixth Amendment. (*Id.* at 6).

In accordance with the usual practices of this court and 28 U.S.C. § 636(b), the matter was referred to the undersigned magistrate judge for preliminary review and recommendation. On December 30, 2016, the undersigned entered an order requiring the petitioner to show cause why this action should not be dismissed as time-barred. (Doc. 4). On January 30, 2017, the petitioner responded to the show cause order, arguing the statute of limitations should be equitably tolled. (Doc. 7).

**I. Background**

In September 2011, the petitioner was convicted of capital murder in the Madison County

Circuit Court and sentenced to a term of life imprisonment without the possibility of parole. (Doc. 3 at 1); *see also State v. Kennedy*, Case No. 47-CC-2010-3584.[1]  The Alabama Court of Criminal Appeals affirmed the conviction on direct appeal and overruled the petitioner's application for rehearing.  (Doc. 3 at 2; Trial Court Docs. 82, 83).  The Alabama Supreme Court denied *certiorari* review on October 11, 2013, and the Alabama Court of Criminal Appeals issued a certificate of judgment on the same date.  (Doc. 3 at 2; Trial Court Doc. 84).  The petitioner did not seek *certiorari* review in the United States Supreme Court.  (Doc. 3 at 3).

On October 9, 2014, the petitioner filed a petition for post-conviction relief pursuant to Rule 32 of the *Alabama Rules of Criminal Procedure* in the Madison County Circuit Court. (*Id.*); *see also State v. Kennedy*, Case No. 47-CC-2010-3584.60.[2]  The circuit court dismissed the petition because it failed to include " 'a clear and specific statement of the grounds upon which relief is sought, including full disclosure of the factual basis of these grounds.'"  (Post-Conviction Doc. 2 (quoting ALA. R. CRIM. P. 32.6(b))).

The petitioner filed a motion to reconsider, stating counsel had inadvertently failed to include in the Rule 32 petition a statement of the grounds upon which relief was sought.  (Trial Court Doc. 86).  The motion was filed in the trial proceedings, rather than in the post-conviction proceedings.  (*See id.*).  By an order entered in the trial proceedings, the circuit court granted the petitioner leave to file an amended Rule 32 petition and reserved ruling on the motion to reconsider.  (Trial Court Doc. 88).  While the petitioner filed an amended Rule 32 petition in the post-conviction proceedings (Post-Conviction Doc. 4), the circuit court at that time concluded it

---

[1] This district court takes judicial notice of the online records of the Madison County Circuit Court available at https://v2.alacourt.com/index.htm.  References to the original state court record in Case No. 47-CC-2010-3584 are indicated as "(Trial Court Doc. ___)."

[2] References to the post-conviction proceedings in Case No. 47-CC-2010-3584.60 are indicated as "(Post-Conviction Doc. ___)."

had lost jurisdiction to entertain the petition. (Post-Conviction Doc. 6). The circuit court reasoned it retained jurisdiction to modify the order of dismissal for only thirty days after its entry, which period had expired. (*Id.*).

On appeal, the petitioner did not contest the dismissal of his original Rule 32 petition, conceding it did not comply with Rule 32.6(b). (Post-Conviction Doc. 16). Rather, he contested the circuit court's refusal to entertain his amended petition. (*Id.*). The Alabama Court of Criminal Appeals affirmed the circuit court's judgment. (*Id.*). The appellate court overruled the petitioner's application for rehearing on April 24, 2015, and issued a certificate of judgment on July 10, 2015. (Post-Conviction Doc. 18). The petitioner did not seek *certiorari* review in the Alabama Supreme Court.

## II. Discussion

A federal district court is authorized to entertain an application for a writ of habeas corpus filed by a person in custody pursuant to the judgment of a state court where the petitioner alleges he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). However, federal habeas petitioners must satisfy various procedural requirements to obtain relief, including compliance with the one-year statute of limitations provided by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* 28 U.S.C. § 2244(d)(1). The limitations period runs from the later of four possible dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of

3

>the United States is removed, if the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

The petitioner does not allege any facts that would suggest § 2244(d)(1)(B), (C), or (D) triggered the statute of limitations applicable to his petition. Accordingly, the limitations period began to run from the date on which the petitioner's conviction became final by the conclusion of direct review or the expiration of time for seeking that review. *See* § 2244(d)(1)(A). On direct appeal, the Alabama Supreme Court denied *certiorari* review on October 11, 2013, and the Alabama Court of Criminal Appeals issued a certificate of judgment on the same date. The petitioner had ninety days from that date to seek *certiorari* review in the United States Supreme Court. *See* Rule 13.1, *Rules of the Supreme Court of the United States.* Because the petitioner failed to seek *certiorari* review in the United States Supreme Court, the one-year limitations period began to run on January 10, 2014. *See McCloud v. Hooks*, 560 F.3d 1223, 1227 (11th Cir. 2009) (noting that state prisoner's conviction becomes final when Supreme Court denies *certiorari* review, when Supreme Court issues decision on the merits, or when ninety-day period in which to file for *certiorari* review expires); *San Martin v. McNeil*, 633 F.3d 1257, 1266 (11th Cir. 2011) (holding that day after event marking finality was first day of AEDPA's one-year limitations period because Rule 6(a)(1) of the *Federal Rules of Civil Procedure* requires the day of the event that triggers a time period to be excluded from its computation).

The limitations period ran unabated for ten months, until October 9, 2014, when the petitioner filed a Rule 32 petition in state court. *See* § 2244(d)(2) (providing that one-year limitations period is tolled during the pendency of "a properly filed application for State post-conviction or other collateral review"); *McCloud*, 560 F.3d at 1227 (noting that a Rule 32 petition is "a tolling motion under § 2244(d)(2)). The post-conviction proceedings concluded, and the statute of limitations resumed, in 2015. *See Cramer v. Sec'y, Dep't of Corr.*, 461 F.3d 1380, 1383-84 (11th Cir. 2006) (holding that claim remains pending within the meaning of § 2244(d)(2) until the time to seek review expires). Two months remained on the limitations period applicable to the instant petition. *See Roby v. Mitchem*, 2012 WL 1745529 at * 3 (N.D. Ala. May 1, 2012) ("[T]he pendency of properly filed state post-conviction proceedings only *pauses* § 2244(d)(1)'s one-year clock; it does not *reset* it."). Therefore, the § 2254 petition filed in this court on July 11, 2016 is untimely unless equitable tolling applies.

Equitable tolling is available only where a petitioner "shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation and internal quotation marks omitted). The Eleventh Circuit has explained:

> Because equitable tolling is "an extraordinary remedy," it "is limited to rare and exceptional circumstances" and "typically applied sparingly." *Lawrence v. Florida*, 421 F.3d 1221, 1226 (11th Cir. 2005), *aff'd*, 549 U.S. 327 (2007). Thus, we have concluded that equitable tolling is available only "'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.'" *Id.* (*quoting Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999)). The petitioner bears the burden of showing that equitable tolling is warranted. *See Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002).

*Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009); *see also Pace v. DeGuglielmo*, 544 U.S. 408, 418 (2005).

5

The petitioner claims he has "done his best in diligently pursuing his rights" and contends he is entitled to equitable tolling of the limitations period applicable to the instant petition for several reasons. (Doc. 7). First, he states his attorney mistakenly believed the limitations period commenced on the date his Rule 32 petition "was decided[,] including any appeals," and argues his attorney's misunderstanding should not be held against him. (*Id.* at 1-2). It is clear an attorney's mistake in calculating the statute of limitations applicable to a federal habeas petition is not an extraordinary circumstance that warrants equitable tolling. *See Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) (holding "[a]n attorney's miscalculation of the limitations period or mistake is not a basis for equitable tolling"); *Downs v. McNeil*, 520 F.3d 1311, 1319 (11th Cir. 2008) (noting the Eleventh Circuit has explained "[o]n many occasions" that "[m]ere attorney negligence [will] not justify equitable tolling" (internal quotation marks omitted)); *Lawrence*, 549 U.S. at 336-37 (holding "[a]ttorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel"). The Supreme Court recognized that to hold otherwise would create an untenable situation whereby the limitations period would be equitably tolled "for every person whose attorney missed a deadline." *Lawrence*, 549 U.S. at 336.

Second, the petitioner argues the state court judgment from which he seeks relief cannot be considered final for purposes of triggering the limitations period under § 2244(d)(1)(A) because the state court lacked jurisdiction to enter the judgment and that the difficulty of calculating the limitations period from a void judgment constitutes an extraordinary circumstance. (*Id.* at 1-3). The first part of this argument conflates substance and procedure. It is clear a federal court has jurisdiction to entertain a habeas challenge to a state court's jurisdiction over criminal proceedings. Otherwise put, a state court's lack of jurisdiction to enter

6

a criminal judgment is a basis for granting federal habeas relief. *See Williams-El v. Bouchard*, 2016 WL 2619659, at *2 (E.D. Mich. May 9, 2016) (citing *Rhode v. Olk-Long*, 84 F.3d 284, 287 (8th Cir. 1996); *Ex parte Siebold*, 100 U.S. (10 Otto) 371, 375 (1879); *Houser v. United States*, 508 F.2d 509, 512 (8th Cir. 1974)). The petitioner cites no authority to support the position such lack of jurisdiction is a basis for delaying the finality of direct review under § 2244(d)(1)(A), and the undersigned has found none. Essentially, the petitioner asks the court to relieve him from the procedural requirements of AEDPA based on the substantive merit of his petition. This district court has previously rejected a similar argument. *See Harris v. Gordy*, 2017 WL 4945211, at *4 (N.D. Ala. Nov. 1, 2017) (rejecting petitioner's argument that AEDPA's restrictions did not apply to his petition because state court lacked jurisdiction, which rendered judgment void, and noting that "every prisoner who attacks his state court conviction by federal habeas is necessarily claiming that his judgment is not 'valid'").

The second part of this argument – that the difficulty of calculating the limitations period from a void judgment constitutes an extraordinary circumstance – fails because an attorney's error in calculating the limitations period applicable to a federal habeas petition is not an extraordinary circumstance that justifies equitable tolling, even if calculation of the period is challenging for one reason or another. *See Steed*, 219 F.3d at 1300 (rejecting petitioner's argument that the limitations period provided by AEDPA should be equitably tolled because calculation of period turned on novel legal issue requiring petitioner's counsel to interpret AEDPA's tolling provision in absence of clear law).

Third, the petitioner contends his amended Rule 32 petition was dismissed because the state court made a clerical error "concerning the placing of the incorrect case number" and that this error should not work against him. (*Id.* at 1-3). It is not entirely clear what clerical error the

petitioner references.  The undersigned presumes the petitioner references the fact that his motion to reconsider dismissal of his Rule 32 petition, as well as the court's order granting him leave to file an amended petition and reserving ruling on the motion to reconsider, were filed in the trial proceedings rather than in the post-conviction proceedings.  Regardless, the state court determined it lacked subject matter jurisdiction to entertain the amended Rule 32 petition, and there is no indication (nor does the petitioner make any argument) that the case number under which the above-referenced motion and order were filed, or any other alleged clerical error, accounted for this determination.  More to the point, the petitioner does not explain why disposition of his amended Rule 32 petition on account of an alleged clerical error prevented him from timely filing his § 2254 petition.

Finally, the petitioner urges the district court to apply equitable tolling because the state courts refused to address his Rule 32 petition on the merits and a sentence of life without parole for "a person [who] was attempting to defend [himself]" is "truly egregious."  (*Id.* at 3).  The undersigned construes this argument as an attempt to invoke the "fundamental miscarriage of justice" exception to AEDPA's time bar.  A court may consider an untimely § 2254 petition if refusing to consider the petition on timeliness grounds "would endorse a 'fundamental miscarriage of justice,'" meaning "it would require that an individual who is actually innocent remain imprisoned." *San Martin*, 633 F.3d at 1267-68; *see also McQuiggin v. Perkins*, 569 U.S. 383, 386, 391 (2013) (resolving circuit split as to whether AEDPA's limitations period can be overcome by showing of actual innocence, also referred to as the "fundamental miscarriage of justice exception," in the affirmative).  "[A]ctual innocence means *factual* innocence, not mere legal insufficiency." *McKay v. United States*, 657 F.3d 1190, 1197 (11th Cir. 2011) (internal quotation marks omitted).  Moreover, a petitioner must support his actual-innocence-gateway

8

claim with " 'new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial.'" *House v. Bell*, 547 U.S. 518, 537 (2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). The petitioner here makes no such showing.

Because the petitioner has failed to demonstrate his entitlement to equitable tolling of the one-year statute of limitations applicable to the instant petition, the petition is due to be denied as time-barred.

### III. Recommendation

For the reasons stated above, the undersigned **RECOMMENDS** the § 2254 petition be **DENIED** as time-barred and this action **DISMISSED WITH PREJUDICE**.

Furthermore, in accordance with Rule 11 of the *Rules Governing 2254 Proceedings,* the undersigned **RECOMMENDS** a certificate of appealability be **DENIED**. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation omitted). Based on the foregoing discussion, the undersigned is of the opinion the petitioner has failed to make the requisite showing.

### IV. Notice of Right to Object

The petitioner may file specific written objections to this report and recommendation. The petitioner must file any objections with the Clerk of Court within fourteen (14) calendar days from the date the report and recommendation is entered. Objections should specifically

identify all findings of fact and recommendations to which objection is made and the specific basis for objecting.  Objections also should specifically identify all claims contained in the petition that the report and recommendation fails to address.  Objections should not contain new allegations, present additional evidence, or repeat legal arguments.

Failing to object to factual and legal conclusions contained in the magistrate judge's findings or recommendations waives the right to challenge on appeal those same conclusions adopted in the district court's order.  In the absence of a proper objection, however, the court may review on appeal for plain error the unobjected to factual and legal conclusions if necessary in the interests of justice.  11th Cir. R. 3-1.

On receipt of objections, a United States District Judge will review *de novo* those portions of the report and recommendation to which specific objection is made and may accept, reject, or modify in whole or in part, the undersigned's findings of fact and recommendations.  The district judge also may refer this action back to the undersigned with instructions for further proceedings.

The petitioner may not appeal the magistrate judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  The petitioner may only appeal from a final judgment entered by a district judge.

**DONE** this 31st day of July, 2019.

STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE